IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOSEPH STEVENSON                                     PETITIONER

vs.                                        CIVIL ACTION NO.: 4:13CV27-SA-DAS

WARDEN DAVENPORT, et al.                              RESPONDENTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the pro se petition of Joseph Stevenson, Mississippi prisoner no. 129908, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition, Petitioner has responded, and the Court has sought and received a reply by Respondents. The time has passed for Petitioner to respond to Respondents' reply, and the matter is now ripe for resolution. For the reasons set forth below, Respondents' motion will be granted, and the instant petition will be dismissed as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Background**

Petitioner was convicted of statutory rape in the Circuit Court of Washington County, Mississippi, and was sentenced on June 13, 2007, to serve a life sentence in the custody of the Mississippi Department of Corrections. (*See* Respt's Mot. to Dismiss, Ex. A). On December 16, 2008, the Mississippi Court of Appeals affirmed his judgment of conviction and sentence. (*See id.*, Ex. B; *see also Stevenson v. State*, 13 So. 3d 314 (Miss. Ct. App. 2008), *reh'g denied*, April 21, 2009, *cert. denied.* July 30, 2009 (Cause No. 2007-KA-01229)). Petitioner filed his federal petition on or about February 15, 2013.

**Law and Analysis**

The issue of whether Respondents' motion should be granted turns on 28 U.S.C. §

1

2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Therefore, unless the limitations period is tolled, Petitioner must have filed his federal habeas petition within one year of the date his conviction became final. It does not appear that Petitioner sought a writ of certiorari with the United States Supreme Court following the decision affirming his direct appeal, thus Petitioner's conviction and sentence became final on October 28, 2009, which was ninety (90) days after the Mississippi Supreme Court denied certiorari review of his case (July 30, 2009 plus 90 days). *See, e.g., Roberts v. Cockrell*, 319 F. 3d 690 (5th Cir. 2003); *Bell v. Maryland*, 378 U.S. 226, 232 (1964) (time period in which petition could file for certiorari to the Supreme Court must be considered in calculating date on which

2

judgment becomes final). Absent any applicable tolling, Petitioner's federal habeas petition was due on or before October 28, 2010.

Petitioner signed the attachment to his petition on February 5, 2013, and the envelope filed with his petition is postmarked February 19, 2013. Under the "mailbox rule," a petitioner's pro se petition for a writ of habeas corpus is deemed filed on the date it is delivered to prison officials for mailing. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999). Giving Petitioner the benefit of the earlier date, the Court finds that the instant petition was still filed well beyond the October 28, 2010, deadline.

Petitioner does not allege, and the Court does not find, that Petitioner has sought post-conviction relief with the Mississippi Supreme Court. Therefore, the limitation period for federal habeas purposes has not been tolled during the pendency of any State post-conviction procedures brought by Petitioner or on his behalf, and Petitioner cannot avail himself of the tolling provision in § 2244(d)(2).

However, Petitioner argues that the "intervening decision" exception of § 2244(d)(1)(C) is applicable in this case. Petitioner maintains that the statute of limitations does not bar this action because of the "intervening" decision of the Mississippi Supreme Court in *Rowland v. State*, 42 So. 3d 503 (Miss. 2010) (holding that "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the [State post-conviction statute]"). Respondents argue, and the Court agrees, that the tolling provision in § 2244(d)(1)(C) allows the federal limitations period to begin running on the date "a constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Inasmuch as a State court decision cannot fall under the "intervening decision" exception of the statute,

3

Petitioner cannot avail himself to the later start date of § 2244(d)(1)(C).

Petitioner also argues that the "factual predicate" exception of § 2244(d)(1)(D) applies to his case. He maintains that he has DNA evidence and an "imperative and substantial new witness who will testify to the Mother's corruption and premeditated plot to entrap him." (*See* ECF no. 1, p. 13). As the Court understands it, Petitioner's argument is that he and the victim's mother were engaged in some sort of affair, and that when he refused to leave his wife for her, the victim's mother concocted these false allegations of statutory rape against Petitioner. In support of his argument, Petitioner submits the April 1, 2012, sworn statement of Dave McCullar, who states that the victim's mother told him that she was going to "set Joe Stevenson up for raping her daughter[.]" (*See* doc. entry no. 10, p. 4). Petitioner maintains that the witness, who also dated the victim's mother, is the brother-in-law of Petitioner's uncle. Presumably, the witness and Petitioner's uncle had a conversation about Petitioner, and this information was disclosed to Petitioner.

Petitioner does not state when he learned of the information underlying the facts in Mr. McCullar's sworn statement, nor does he explain how he exercised due diligence in discovering the factual predicate to his claim. The statement by Mr. McCullar was signed on April 1, 2012, and § 2244(d)(1)(D) tolls the limitations period until the discovery of the factual predicate, not until the petitioner gathers evidence to support his claim. *See Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998). The Court also notes that even though the statement was signed on April 1, 2012, Petitioner waited over a year to produce the document. He submitted it approximately May 14, 2013, in response to the State's motion to dismiss his petition. Additionally, the statement by McCullar, while it might have provided support at trial for Petitioner's claim that the victim's mother fabricated the charges, does not refute the evidence of

4

guilt offered by the State. Therefore, Petitioner cannot rely upon § 2244(d)(1)(D) to toll the limitations period under these circumstances.

Petitioner also alleges that DNA testing would exonerate him. To the extent that Petitioner argues that his claim regarding DNA evidence constitutes a previously undiscoverable factual predicate, the Court notes that DNA tests were performed and the evidence was mentioned at trial. *See, e.g, Stevenson*, 13 So.3d at 316 (referencing testimony from forensic scientist stating that there was no viable DNA sample to test because of the small number of sperm cells found from the swab of the victim). There is nothing in the record to contradict the finding by the State court that there is no viable DNA to test, and the limitations period will not be tolled based on his assertion that DNA testing should be conducted.

Even though Petitioner has failed to meet any of the § 2244(d) exceptions to the one year limitations period, the Court notes that the limitations period of the AEDPA may be equitably tolled if Petitioner can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citations omitted). It is relief that is available only in "rare and exceptional circumstances," such as where a petitioner "is actively misled . . . about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Petitioner argues that his attorney died "untimely" and failed to file a petition for writ of certiorari to the United States Supreme Court. However, counsel's death did not impact the limitations period, which did not begin to run until Petitioner's direct appeal was final. Although Petitioner does not identify the date counsel died, the Court notes that Petitioner was afforded an additional ninety (90) days to account for the time period to seek certiorari review. Therefore, no additional tolling is warranted based on counsel's

death.

To the extent that Petitioner maintains that he is innocent, the Court notes that the United States Supreme Court recently held that actual innocence, "if proved, serves a gateway through which a prisoner may pass whether the impediment is a procedural bar . . . or expiration of the AEDPA statute of limitations[.]" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). This requirement of "proof" is not met, however, unless the petition "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* In this case, Petitioner only makes a claim - not a showing - of actual innocence. Moreover, the Court notes that the state court found the evidence at trial supported the verdict. The evidence against Petitioner included testimony from the eleven year old victim, her mother, a social worker, and emergency room personnel who examined the victim and completed a rape kit. *See Stevenson*, 13 So.3d at 315-17, 319-20. The Court finds Petitioner does not otherwise show "rare and exceptional circumstances" that would warrant equitable tolling in this case, and it determines that the instant petition is untimely.

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which Petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural

grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court finds that a COA should be denied in this case.

## Conclusion

The Court finds that the instant petition is barred by the AEDPA's 1-year statute of limitations period. Therefore, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d)" (doc. entry no. 9) and **DISMISSES** Petitioner's petition with prejudice. A certificate of appealability is **DENIED**. A final judgment in accordance with this memorandum opinion and order will issue today.

**SO ORDERED** this the 30th day of July, 2013.

　　　　　　　　　　　　　　　　　　 /s/ Sharion Aycock　　　　　
　　　　　　　　　　　　　　　　　　**U.S. DISTRICT JUDGE**